WILLIAM P. WHITE v. THE MAYOR AND COUNCIL OF THE BOROUGH OF NEPTUNE CITY.

1. The proceedings prescribed by the second section of "An act respecting licenses in incorporated boroughs" (*Pamph. L.* 1892, *p.* 293) are civil suits in the courts for the trial of small causes.

2. In order to give the justice's court complete jurisdiction in proceedings under the statute above mentioned, there must be filed in the

court a complaint, on oath or affirmation, that a person designated has violated a certain section of an ordinance passed under authority of the act, and a summons, stating what section of the ordinance has been violated, must be served upon the person designated.

3. If the complaint refer to one section of the ordinance and the summons refer to a different section, the court will not obtain complete jurisdiction to try the defendant for violation of either section, and a judgment against the defendant, based on such proceedings, may be reviewed by *certiorari*.

4. The jurisdiction of the justice's court in such cases is not impaired by the fact that the acts charged against the defendant were in contravention of a section different from that referred to in the complaint and summons.

5. If, in *certiorari*, a reason assigned for reversal be the unconstitutionality of a statute, and such reason be not mentioned in the argument or brief of counsel for the prosecutor, it may be regarded by the court as waived.

On *certiorari*.

Argued at November Term, 1893, before Justices Dixon and Abbett.

For the prosecutor, *David Harvey, Jr.*

The opinion of the court was delivered by

Dixon, J.   The prosecutor was sued in four actions instituted by the mayor and council of the borough of Neptune City, before a justice of the peace in the county of Monmouth, for penalties said to have been incurred by the violation of an ordinance of the borough passed under authority of "An act respecting licenses in incorporated boroughs," approved March 28th, 1892. *Pamph. L., p.* 293. Judgments having been rendered against him in these proceedings, he has removed them to this court by writs of *certiorari*, and now assails them chiefly upon the ground that they lack the essentials of "summary convictions."

The justice before whom the suits were brought regarded them as actions in the court for the trial of small causes,

and has so entitled the records returned with the writs of *certiorari.*

It is necessary, therefore, to determine in what capacity the judicial officer on whom power is conferred by the statute in question is to act, for the determination of that matter must have an important bearing upon the judgments which we should now render.

The proceeding intended by the statute is a civil suit. This is, I think, conclusively settled by the decision of the Court of Errors in *Brophy* v. *Perth Amboy*, 15 *Vroom* 217, upon provisions identical in substance with those now before us.

In describing the procedure, the statute first empowers " every justice of the peace in any county " to issue process; then it directs " the said court, justice of the peace or recorder " to hear the testimony and give judgment; and, finally, it requires " the said court, justice of the peace, police justice or recorder " to give judgment and issue execution.

It is not easy to gather the sense of such incongruous clauses as these, but the best construction I can put upon them is that the judicial officer intended is a justice of the peace, or a police justice or recorder invested with the powers of a justice of the peace, and that such officer is to hold a court.

Under these views, then, we have a court presided over by a justice of the peace or an officer possessing the authority of a justice of the peace and competent to entertain a civil suit.

The next question is whether the court thus contemplated by this statute is one newly created by the statute itself, or is the pre-existing and well-known " Justice's Court."

According to the decision in *Greely* v. *Passaic*, 13 *Vroom* 429, we should deem it the justice's court, unless the act under review clearly indicates the contrary.

The procedure prescribed by this act differs from that prescribed by the Small Cause Court act in several respects. A complaint under oath before summons takes the place of a state of demand without oath after summons. The summons

may be made returnable within a different period, and perhaps a trial by jury is denied, as apparently it can be in even civil actions brought for the recovery of penalties imposed by municipal ordinances. *McGear* v. *Woodruff*, 4 *Vroom* 213. But these modifications of the procedure do not necessarily lead to the conclusion that a new tribunal is to be erected. The machinery of the old justice's court is adequate for this new practice.

Other features of the act strongly suggest that the legislature had in mind this existing machinery, for without its supplemental aid it will be difficult to give effect to this statute.

The act directs that process in the nature of a summons is to be issued, but does not say by whom or how it shall be served, or how its service shall be attested. It requires the court to give judgment for the penalty and costs, but does not say what costs. Execution is to issue against the goods and chattels and the body of the defendant, but to what officer the writ shall go and how it shall be executed against goods and chattels, is not stated. On all these points the act constituting courts for the trial of small causes affords the needed information. So the act under review dispenses with a special order as preliminary to the awarding of execution against the body. Such an order is not required in any proceedings before a justice of the peace, except when he is sitting in the small cause court, and I think no reason can be assigned for this dispensation, except that the legislature in this statute regarded him as holding that court and intended to change the practice of the court to this extent.

On the whole, it seems most in harmony with the provisions of this act to hold that they are to be applied to suits brought in the court for the trial of small causes. This result is fortified by the consideration that thereby greater safeguards are thrown around the property and liberty of the individual than he would enjoy in summary proceedings before a magistrate.

Regarding the cases now before us as suits instituted in a

justice's court, the next question is whether they can be reviewed by *certiorari*. The Small Cause Court act provides (*Rev.*, *p.* 564) that "from any judgment which may be obtained before any justice of the peace, except such as shall have been given by confession, either party may appeal to the Court of Common Pleas," and (*Rev.*, *p.* 556) that "where the justice has jurisdiction, no judgment hereafter to be rendered in any court for the trial of small causes, from which an appeal is given to the Court of Common Pleas by this act, shall be removed into the Supreme Court or Circuit Court by *certiorari* or otherwise, for the correction of any supposed error therein; but the party thinking himself aggrieved shall have relief upon the appeal only, and that both as to matter of law and matter of fact." The judgments rendered below were not given by confession, and therefore the prosecutor could have appealed to the Common Pleas, and consequently if the justice had jurisdiction the writs of *certiorari* were improvidently allowed.

Jurisdiction is of two sorts—jurisdiction over the subject-matter and jurisdiction over the party with reference to that subject-matter. *Van Doren* v. *Horton*, 1 *Dutcher* 205; *Munday* v. *Vail*, 5 *Vroom* 418; *Funck* v. *Smith*, 17 *Id.* 484. Both elements of complete jurisdiction are necessary to deprive a party in a justice's court of the remedy by *certiorari*. *Williamson* v. *Middlesex Common Pleas*, 13 *Vroom* 386, 396.

Under the statute with which we are now dealing, jurisdiction over the subject-matter depends upon the filing with the justice of a complaint on oath or affirmation that a designated person has violated a certain section of an ordinance passed under authority of the act; and jurisdiction of the person is obtained by issuing and serving on such person a summons which states what section of the ordinance has been violated.

On examination of the proceedings returned into this court, it appears that, in three of the suits, complaints were filed charging the defendant with violating the *sixth* section of the borough ordinance, and that upon each of these complaints a summons was issued and served requiring the defendant to

answer for a violation of the *second* section of the ordinance. These proceedings did not invest the court with complete jurisdiction to try the defendant for violation of either section. The only subject-matter brought within its jurisdiction was the question whether the sixth section had been violated by the defendant; the party was brought within its jurisdiction only to be tried for violation of the second section.

We think, therefore, that in these cases *certiorari* was an appropriate remedy, and for the error thus apparent these three judgments must be reversed.

In the other case, the complaint and the summons both allege a violation of the sixth section of the ordinance, and we find here no ground for denying the jurisdiction of the justice. There is indeed placed in our hands by the prosecutor a printed document, purporting to be a copy of the ordinance violated, according to which the defendant's act, charged in the complaint, was in contravention of the second, not the sixth, section. But this document is not legally before us, and, if it were, it would not show that the justice lacked jurisdiction to try the defendant for the alleged offence. The complaint averred two facts—that the defendant had done a certain thing; that that thing was in violation of the sixth section of a designated ordinance. These were the facts which the complaint and summons gave the court the right to try. If they were proved, the defendant was to be found guilty; if they were not proved, he was to be acquitted. This document can only show that the proof did not warrant conviction—that the court's judgment against the defendant was erroneous. Such an error does not affect jurisdiction.

Among the reasons assigned none touches jurisdiction in this case except those aimed at the constitutionality of the statute. These are not referred to by counsel for the prosecutor in his brief, and we therefore decline to consider them, regarding them as waived. Hence, our conclusion is that the justice had jurisdiction, and that an appeal lay from his judgment to the Common Pleas. The writ of *certiorari* was therefore improvidently issued and should be dismissed.

The prosecutor not having appeared in the court below, and the borough not having appeared in this court, no costs will be allowed in any of the cases to either party.