### WILLIAM B. HAYES v. ALFRED L. STORMS.

Argued November 9, 1899—Decided February 26, 1900.

1. The failure to endorse upon the process in a penal action the title of the statute, as required by section 254 of the Practice act (*Gen. Stat. p.* 2575), is an irregularity that will, upon objection, defeat the process. It is not a jurisdictional defect.
2. The third section of "An act to increase the jurisdiction of justices of the peace" (*Pamph. L.* 1879, *p.* 115), which makes it a penal offence for any justice of the peace to issue a summons on behalf of any person for whom he is agent is inoperative for the reason that it is not within the object expressed in the title of the act.

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the defendant, *Henry B. Cook.*

For the prosecutor, *Winfield S. Angleman.*

The opinion of the court was delivered by

GARRISON, J.   This writ brings up a judgment for a pen-
alty.   The title of the statute upon which the action before
the justice of the peace was founded was not endorsed upon
the process, in obedience to section 254 of the Practice act.
*Gen. Stat., p.* 2575.  This provision, which was originally
part of "An act relative to suits instituted by common in-
formers," has been held to be applicable to actions of this
nature when the summons was out of a Justice's Court.   The
failure to observe this statutory provision is given as a reason
why the present judgment should be reversed.

The earlier practice in this respect is shown in the cases of
*Miller* v. *Stoy,* 2 *South.* 476 ; *Oliver* v. *Larzaleer, Id.* 513 ;
*Ackerson* v. *Zabriskie,* 2 *Halst.* 167 ; *Dallas* v. *Hendry, Pen.*
973 ; *Griffith* v. *West,* 5 *Halst.* 301 ; *Corlies* v. *Ice Co.,* 17
*N. J. L. J.* 285.

It is not necessary, however, to go back of the case of
Hageman *v.* Van Doren, decided in the Somerset Circuit by
the present Chief Justice, and reported in 6 *N. J. L. J.* 310,
for the correct rule in respect to such an omission.   It is an
irregularity.   If objected to, it will defeat the process.   If
upon objection redress be refused, such refusal would be re-
viewed as an error in law.   If not objected to, the justice may
proceed to judgment.   The provision is not jurisdictional.

Another reason assigned for the reversal of the judgment
is that the section of the statute under which the action was
brought is inoperative for the reason that it is not within
the title of the act.   This point is well taken.   The title of
the act is "An act to increase the jurisdiction of justices

of the peace." *Pamph. L.* 1879, *p.* 113. The third section upon which the present action must rest, makes it a penal offence for any justice of the peace to issue a summons in behalf of any person for whom he is agent. Obviously this is not an increase in the jurisdiction of the justice—it increases nothing and it does not concern jurisdiction. It prescribes a decent rule of conduct, but that object is not expressed in the title. No section of an act has any effect beyond the object expressed in its title. *Hendrickson* v. *Fries,* 16 *Vroom* 555 ; *Dobbins* v. *Northampton,* 21 *Id.* 496.

The judgment is reversed, with costs.