THE BOARD OF HEALTH OF THE CITY OF WOODBURY v. EMMA B. CATTELL.

Submitted March 24, 1906—Decided June 11, 1906.

1. The proceeding before a justice of the peace to recover a penalty for the violation of the provisions of an ordinance passed by a board of health pursuant to *Gen. Stat.*, *p.* 1638, § 18, is a civil action in the court of small causes.

2. The only question reviewable on *certiorari* bringing up a judgment in such a proceeding is whether the court had jurisdiction of the parties and the subject-matter of the suit.

On *certiorari*.

Before Justices FORT, PITNEY and REED.

For the plaintiff in *certiorari*, *Ernest S. Redfield*.

For the defendant, *Alexander L. Rogers*.

The opinion of the court was delivered by

REED, J. This writ brings up a judgment for $100 as a penalty incurred by Emma B. Cattell for violating section 36 of the rules of the board of health of the city of Woodbury.

The proceeding was begun by a complaint made by the secretary of the board of health, that he had mailed a notice to Mrs. Cattell requiring her to connect her property in Woodbury with the city sewer, and that she had failed to do so. This complaint was dated August 14th, 1905, and was lodged with a justice of the peace, who thereupon issued his warrant, requiring a constable to bring Mrs. Cattell before said justice to answer said complaint. On August 16th a trial was had and judgment entered against the prosecutrix.

The first question is whether this is a summary proceeding before a justice of the peace or is a suit in the court for the trial of small causes.

The statute (*Gen. Stat., p.* 1638, § 18) empowers any board of health to prescribe a penalty for the violation of any of its ordinances, not exceeding $100 or less than $10, and provides that every District Court in any city, and every justice of the peace, police justice or recorder, is empowered, upon complaint of the violation of any ordinance, to issue process in the nature of summons or warrant; and on the return of process, or at any time to which the trial shall have been adjourned, the said court, justice of the peace, police justice or recorder, shall proceed to hear the testimony and to determine and give judgment in the matter without filing any pleadings.

The question respecting the character of the proceeding seems to be put at rest in this court by the case of *White* v. *Neptune City,* 27 *Vroom* 222.

That was a proceeding before a justice of the peace to recover a penalty for the violation of an ordinance passed under "An act respecting licenses in incorporated boroughs." *Pamph. L.* 1892, *p.* 293. The proceeding prescribed by that act is almost a transcript of the section of the Board of Health act just set out. The only difference is that the Board of Health act provides for a summons or warrant, and the License act for a summons only. Both proceedings are summary.

The proceeding before a justice under the License act was determined, in the case just mentioned, to be a civil suit in the court for the trial of small causes.

. It was therefore further held that the only ground for reversal of the judgment of the justice was absence of jurisdiction over the person or subject-matter.

In the present case jurisdiction over the person is clear, and it seems equally clear that the justice had jurisdiction over the subject-matter—over the matter of the violation of an ordinance of the board of health.

Want of notice to connect prosecutrix's property with the sewer is not a jurisdictional defect, nor was failure to prove the ordinance jurisdictional.

They were both (if such defects existed, which is not admitted) defects in proof of the merits of the case.

Advantage could be taken of them only by an appeal to the Court of Common Pleas.

Judgment affirmed.