THE CITY OF BRIDGETON, AMOS P. JOHNSON, DEFEND-
ANTS IN CERTIORARI, v. HARRY S. PIERCE, PLAINT-
IFF IN CERTIORARI.

Argued September 8, 1906—Decided September 18, 1906.

1. To deprive a party in a justice's court of the remedy by *cer-
   tiorari*, the justice's court must have had jurisdiction over the
   subject-matter and over the party with reference thereto.
2. The Bridgeton city charter (*Pamph. L.* 1875, *p.* 354) provides
   that, on filing with a justice a complaint that a designated person
   has violated a city ordinance, the justice shall issue process
   against such person, which shall state what ordinance has been
   violated. A complaint charged a violation of Ordinance No. 87,
   section 5, relating to impounding dogs, but without stating that
   the ordinance was an ordinance of the city. The warrant recited
   a violation of Ordinance No. 88, section 5, relating to the im-
   pounding of dogs. *Held,* that the justice did not have jurisdiction
   of the person accused, though it be assumed that the complainant
   charged a violation of an ordinance of the city.
3. A person was charged before a justice of the peace with a viola-
   tion of a city ordinance. The return of the justice to a writ of
   *certiorari* showed that the accused was brought into court, that
   the justice made inquiry, and, on finding a violation of the ordi-
   nance, imposed a fine. *Held,* not to show a conviction of an
   offence.

On *certiorari*.

Before Justice TRENCHARD.

For the plaintiff in *certiorari*, *Roscoe C. Ward* and *James
Boyd Potter*.

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* removes into this
court for review the conviction of the plaintiff in *certiorari*
by a justice of the peace for the alleged violation of an ordi-
nance of the city of Bridgeton.

The city charter of the city of Bridgeton (*Pamph. L.* 1875,
*p.* 354) provides "that whenever an oath or affirmation shall
be made according to law, and filed in the office of the mayor

or of any justice of the peace of the said city, that any person or persons has or have been guilty of a violation of any of the ordinances of said city, the said mayor or justice of the peace shall be empowered to issue a process, either in the nature of a summons or warrant, against the person or persons so charged; * * * such process shall state what ordinance has been violated by the defendant or defendants named in such process, and on the return of such process * * * the said mayor or justice of the peace shall proceed to hear testimony and give judgment in the matter without the filing of any pleadings; and the said mayor or justice of the peace shall, if the defendant or defendants be adjudged before him to be guilty of such violation of any of the ordinances of said city, forthwith issue execution against the goods and chattels and person of the defendant or defendants, for the amount of the fine imposed, with costs, or shall commit said defendant or defendants to the county jail if judgment of imprisonment shall have been in the said cause pronounced and given against the said defendant or defendants by the said mayor or justice of the peace."

The complaint, under oath, in this case charges that "one Harry S. Pierce does harbor and keep one brindle dog, contrary to Ordinance No. 87, section No. 5, relating to the taxing and impounding dogs and defining the penalties for the same, approved July 15th, 1896."

The warrant issued by the justice of the peace recites "that one Harry S. Pierce does harbor a certain brindle dog, not being registered, contrary to an ordinance of the city of Bridgeton, New Jersey, viz., No. 88 and section No. 5, relating to the taxing of dogs and the impounding of the and defining the penalties, approved July 15th, 1896."

The plaintiff in *certiorari* insists that the justice of the peace was without jurisdiction.

Jurisdiction is of two sorts—jurisdiction over the subject-matter and jurisdiction over the party with reference to the subject-matter. *VanDoren* v. *Horton,* 1 *Dutcher* 205; *Munday* v. *Vail,* 5 *Vroom* 418; *Funck* v. *Smith,* 17 *Id.* 484. Both elements of complete jurisdiction are necessary to de-

prive a party in a justice's court of the remedy by *certiorari*. *Williamson* v. *Middlesex Common Pleas,* 13 *Id.* 386, 396.

Under the statute with which we are now dealing, jurisdiction over the subject-matter depends upon the filing with the justice of a complaint on oath or affirmation that a designated person has violated an ordinance of the city, and jurisdiction of the person is obtained by issuing and serving on such person a summons or a warrant which states what ordinance has been violated.

On examination of the proceedings returned into this court, it appears that the complaint charges the violation of Ordinance No. 87, but of what city does not appear, and that the warrant recites that Ordinance No. 88 of the city of Bridgeton has been violated. Ordinance No. 87 of the city of Bridgeton appears by the return to be entitled "An ordinance concerning dogs and the registration thereof in the city of Bridgeton," and was approved July 15th, 1896. To what Ordinance No. 88 of the city of Bridgeton relates does not appear by the record.

These proceedings did not invest the court with complete jurisdiction to try the defendant for the violation of either ordinance. If we assume that the complaint charged the violation of an ordinance of the city of Bridgeton, which it does not, the only subject-matter within the court's jurisdiction was the question whether section No. 5 of Ordinance No. 87 had been violated by the defendant; the party was brought within its jurisdiction only to be tried for violation of section No. 5 of Ordinance No. 88.

Under the authority of *White* v. *Neptune City,* 27 *Vroom* 222, it must be held that jurisdiction of the party with reference to the subject-matter was not obtained.

Another reason assigned for reversal is that there is no legal conviction.

Proceedings under an ordinance, under a special power given to the justice, as in this case, are summary, and the record must formally show everything necessary to constitute a legal conviction. *Keeler* v. *Milledge,* 4 *Zab.* 142; *Doughty* v. *Conover,* 13 *Vroom* 193; *Hankinson* v. *Trenton,* 22 *Id.*

495; *Salter* v. *Bayonne,* 30 *Id.* 128. The record of a conviction must show on its face everything necessary upon general principles to constitute a legal conviction; it should set out such facts as are necessary to constitute the statutory offence; that the defendant was convicted thereof; upon what evidence he was convicted, and the judgment of forfeiture. *Buck* v. *Danzenbacker,* 8 *Id.* 359.

An examination of the proceedings before the justice reveals no conviction at all. The return to the writ shows a copy of the docket of the justice. By it there appears only to be a memoranda that upon complaint a warrant was issued; that the defendant was brought into court; that "upon his plea that he had his dog registered, I made inquiry, and upon finding the facts that such dog had not been registered as the above ordinance sets forth, I imposed a fine of $5, and $2.80 of costs."

Taking the so-called true copy of the docket as a conviction, it fails to show a conviction of any offence under the ordinance. It does not contain the essential elements of a formal conviction under the authorities cited.

Other reasons are assigned for reversal, but it is unnecessary to consider them.

The conviction must be set aside, with costs.