HUDSON COUNTY CIRCUIT COURT.

LUCY DE CRESCENZI, PLAINTIFF, v. VERITAS POLITICAL CLUB, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided July 18, 1946.

For the plaintiff, *Joseph L. Kramer.*

For the defendant, *John H. Dolce.*

BROWN, C. C. J. The question presented for decision arises out of the defendant's motion, in the above entitled cause,

to strike the complaint on the ground that the Circuit Court is without jurisdiction to try the case as it is a claim for a penalty based on a federal statute enacted on January 30th, 1942, entitled the Emergency Price Control Act, as amended June 30th, 1944, under section 205(e) of said act, 50 *U. S. C. A. Appendix*, §§ 901, *et seq.*, 925 (e). The amount sought to be recovered is three times a monthly rent overcharge of $10 a month for the months of May, 1945, to the month of April, 1946, inclusive, amounting in all to $360, together with reasonable attorney's fees and costs. The defendant relies upon a decision of the Court of Errors and Appeals of our state, *Zuest* v. *Ingra et al.*, 134 *N. J. L.* 15; 45 *Atl. Rep.* (2d) 810, wherein it was held that a similar claim for a penalty under the federal statute was a suit for a penalty imposed by that statute and the state District Court, in which the action was brought, was without jurisdiction because the acion was founded upon a penalty not authorized by a law of this state. *R. S.* 2:8–40; *N. J. S. A.* 2:8–40. The defendant further contends that the same limitation applies to the Circuit Courts of our state and that these courts are without common law or statutory jurisdiction to try civil suits brought to recover penalties. The decision in *Zuest* v. *Ingra, supra*, relates particularly to a court of limited jurisdiction, that is, a state District Court which is evidently limited in its jurisdicton covering actions for penalties, to such as are authorized by a state statute. Our state Circuit Courts were constitutionally created in the New Jersey Constitution of 1844, *N. J. S. A.* It is therein provided:

"Article VI, section 1. The judicial power shall be vested in a Court of Errors and Appeals in the last resort in all causes as heretofore; a Court of Chancery; a Prerogative Court; a Supreme Court; Circuit Courts, and such inferior Courts as now exist, and as may be hereafter ordained and established by law; which Inferior Courts the Legislature may alter or abolish, as the public good shall require."

It is apparent from this constitutional provision that a state District Court may be established, altered or abolished by the state legislature but not the Circuit Courts. They are courts created by the constitution and are unassailable by

legislation in the jurisdiction which they exercised at the adoption of the constitution. *C. R. R.* v. *Tunison,* 55 *N. J. L.* 562; 27 *Atl. Rep.* 929. It is further provided in the state constitution of 1844:

"Article VI, section V. The Circuit Courts shall be held in every County of this State, by one or more of the Justices of the Supreme Court, or a judge appointed for that purpose; and shall in all cases within the County, except those of a criminal nature, have common law jurisdiction, concurrent with the Supreme Court; and any final judgment of a Circuit Court may be docketed in the Supreme Court and shall operate as a judgment obtained in the Supreme Court from the time of such docketing."

Subsequent amendments to the Constitution of 1844 do not affect article VI of that constitution. In construing the provisions of the 1844 constitution the general rules of construction as provided in *R. S.* 1:1–1; *N. J. S. A.* 1:1–1, should be applied. They are in part as follows:

"In the construction of the laws and statutes of this state, both civil and criminal, words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language."

Applying this rule to the provisions of the constitution it clearly appears that the state Circuit Courts were constitutionally created and are courts of common law jurisdiction concurrent with the Supreme Court except in those cases of a "criminal nature." The decision in *Zuest* v. *Ingra, supra,* applies to a District Court, a court of limited jurisdiction, which is allowed jurisdiction on actions for penalties only where the penalties are provided under the laws of New Jersey. The federal act upon which the Zuest case was based did not cast jurisdiction upon the District Court but it does upon the Circuit Court because of its common law jurisdiction. *Bruen* v. *Ogden,* 11 *N. J. L.* 370; *Claflin* v. *Houseman,* 93 *U. S.* 130; *Pamph. L.* 1942, *ch.* 104, *p.* 365; *N. J. S. A.* 2:98–28, 2:98–31.

The parties concerned with the motion, now being considered, make no claim that the case falls within the constitutional exception that it is of a "criminal nature" and that this court is without jurisdiction. The fact the suit is based upon a penalty does not make it of a "criminal nature." The term "penalty" is equivalent to a pecuniary punishment by way of damages for a civil wrong. 30 *Cyc.* 1337. Sometimes the terms "penalty" and "fine" are considered in law as being the same. This construction is not strictly correct. A "penalty" is uniformly recoverable in a civil action. *Brophy* v. *Perth Amboy,* 44 *N. J. L.* 217; *While* v. *Neptune City,* 56 *Id.* 222; 28 *Atl. Rep.* 378; *Unger* v. *Fanwood,* 69 *N. J. L.* 548; 55 *Atl. Rep.* 42; *Vanbueren* v. *Wildwood,* 9 *N. J. Mis. R.* 187; 153 *Atl. Rep.* 260. A "fine" is rarely, if ever, recoverable in a civil action. A "penalty" when recovered, goes to the party suing; a "fine" to the state or a subdivision thereof. A "penalty" is fixed and absolute and when recovered is usually for the full amount. Nothing is left to the discretion of the court. Where a "fine" is imposed it is usually for a criminal offense and the court has much discretion and may impose a nominal amount by way of punishment. It is not uncommon for civil suits based upon penalties to be brought in the state Supreme Court as well as the Circuit Courts. *Corlies* v. *Mayer Ice Machine Co.,* 17 *N. J. L. J.* 285; *Oliver* v. *Larzaleer,* 5 *N. J. L.* 513; *Hays* v. *Storms,* 64 *Id.* 514; 45 *Atl. Rep.* 809; see, also, *Brophy* v. *Perth Amboy, supra,* and cases cited thereunder. For the reasons above stated the motion to strike is denied and an order may be entered accordingly.