EDWIN RAYNER, DEPUTY FISH AND GAME WARDEN, PROSECUTOR, v. ALFRED BENJAMIN, DEFENDANT.

Submitted July 3, 1915—Decided November 3, 1915.

The clause conferring jurisdiction in fish and game prosecutions on justices of the peace in cities, in the amendment of 1905 (*Pamph. L.*, *p.* 183; *Comp. Stat.* 2556, *pl.* 250), was repealed by the amended thirty-first section of the District Court act, *Pamph. L.* 1908, *p.* 76; *Comp. Stat.*, *p.* 1963.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the state, *Josiah Stryker* and *John W. Wescott,* attorney-general.

For the defendant, *Heyman & Heyman.*

The opinion of the court was delivered by

PARKER, J.   The writ is directed to the Hudson county Court of Common Pleas, and brings up the judgment of that court reversing a summary conviction before a justice of the peace in Jersey City of violating the Fish and Game act by having certain birds' feathers on sale.   The reversal in the Pleas proceeded on the ground that a justice of the peace had no jurisdiction in such cases, in view of section 31 of the District Court act of 1898, as amended in 1908 (*Pamph. L., pp.* 76, 77), which provides that "no justice of the peace or small cause court shall have jurisdiction over any cause or proceedings cognizable before a District Court, when the defendant or defendants resided within any city (or judicial district) where a District Court is established, nor shall any justice of the peace resident within the limits of any city (or judicial district) where a District Court is or may be established exercise any civil jurisdiction whatever."   The bracketed words indicate the material change introduced by the amendment.

The Court of Common Pleas, in reversing the conviction, held that it must follow the decision of the Court of Errors and Appeals in *Society, &c.,* v. *Russ,* 83 *N. J. L.* 450, and of this court in *Society* v. *Whitney,* 84 *Id.* 136.   The prosecutions in those cases were under the Cruelty to Animals acts, and it is now argued by the state that the decisions are inapplicable because the statute here involved is the amendment of 1905 (*Pamph. L., p.* 183) to the Fish and Game Procedure act of 1897 (*Pamph. L., p.* 109), and which amends section 2 of that act by adding the clause "and nothing contained in any

law heretofore passed shall be construed to prohibit justices of the peace residing within the limits of any city where a District Court is or may be established, from exercising jurisdiction under this act." The argument, as we understand it, is that although the amendments of 1908 to the District Court act are subsequent in time to the amendment of 1905 to the Fish and Game act, yet, as the act of 1905 superseded the District Court act of 1898, so far as related to the jurisdiction of justices of the peace in cities to entertain complaints under the Fish and Game law, and the entire amendment of 1908 to that act is merely for the purpose of authorizing the establishment of District Courts outside of cities in "judicial districts," and of including such courts within its purview, there is no implied repealer of the jurisdiction expressly conferred by the 1905 act on justices of the peace in cities.

Such is the usual rule with reference to amendatory legislation (*McLaughlin* v. *Newark,* 57 *N. J. L.* 298; 58 *Id.* 202; *Schwarzwaelder* v. *Insurance Company,* 59 *N. J. Eq.* 589, 593; *Newark* v. *North Jersey Street Railway Co.,* 68 *N. J. L.* 486); and, if there were nothing else in the case, the rule would no doubt be applicable. But, underlying this rule, and most, if not all, of the rules of statutory construction is the fundamental one, that the intention of the legislature must be sought for and ascertained, both on the face of the act itself and also in its relation to cognate legislation. Indeed, the rule with regard to amendments and revisions grows out of this very principle. When we come to examine the amending act of 1908 with respect to its bearing on prosecutions under the Game law, we find that, irrespective of cities, justices of the peace are prohibited from exercising civil jurisdiction in any judicial district, when created. Now, the pre-existing law in respect of their jurisdiction in Game law cases, stood thus at the passage of the 1908 District Court amendment:

*Pamph. L.* 1897, *p.* 109, § 2, jurisdiction conferred on justices of the peace, District Courts and police magistrates generally.

*Pamph. L.* 1898, *p.* 556, District Court act, revision of 1898, section 31, *supra,* as then enacted, forbade justices of the peace or small cause courts in cities to exercise any civil jurisdiction whatever. This clause was new legislation in the District Court act and was evidently copied into the act of 1902 relative to justices of the peace. *Comp. Stat., p.* 3018, § 8. Plainly, the jurisdiction of justices of the peace in cities, over complaints under the Game law, was divested by one or both of these later acts.

*Pamph. L.* 1905, *p.* 183, the amendment to the act of 1897, expressly enacted that thereafter no previous law should be "construed" to prohibit justices in cities from exercising jurisdiction in game cases. This, of course, declared the then legislative intent that they should exercise such jurisdiction in cities as well as in the country districts.

Amended District Court act, 1908, prohibiting jurisdiction in cities or judicial districts.

Unless, therefore, as is pertinently pointed out by counsel, the clause in the District Court amendment of 1908, prohibiting justices to exercise civil jurisdiction in judicial districts, is to be held nugatory in this class of cases, the adoption of prosecutor's construction would result in permitting them to hear such cases in cities, while forbidding them to hear them within the limits of a judicial district. Such an anomalous situation could not, in our opinion, have been intended by the legislature; and, as we must assume that that body in 1908 had the amendment of 1905 in mind, the rational construction of their action in 1908 is to hold that by adding judicial districts in the prohibitive clause by the amendment of 1908, it was intended to supersede the act of 1905 as to cities as well.

This results in an affirmance of the judgment in the Common Pleas, and makes it unnecessary to discuss the other points made by defendant. The state being a virtual, as well as a nominal, party, the affirmance will not carry costs. *Tenement House Board* v. *Schlechter,* 83 *N. J. L.* 88.