HERMAN UNGER v. THE INHABITANTS OF THE TOWNSHIP OF FANWOOD.

Argued February —, 1903—Decided June 8, 1903.

1. The validity of an ordinance affecting the general public cannot be challenged by *certiorari* unless the prosecutor shows some injury peculiar to himself.
2. In a prosecution for violating an ordinance, *certiorari* will not be allowed before final decision in the court below. It is not within the exception to the rule stated in *Hoxsey* v. *Paterson*, 10 *Vroom* 489.
3. When authority is given to prosecute a suit before a justice of the peace to recover a penalty for violating an ordinance, it is regarded as a civil suit in a Justice's Court, unless a contrary intention is indicated in the statute. In such case the remedy is by appeal to the Common Pleas.
4. Where the punishment prescribed for violating the ordinance is imprisonment, to be imposed by a justice of the peace, the suit is in the nature of a criminal proceeding before the justice, and is not a civil suit in the small cause court.
5. The criminal prosecution before the justice is a summary proceeding, which may be tried without a jury, as it was before the constitution of 1844 was adopted.
6. The question does not arise whether a jury may be demanded when the penalty exceeds $16.

On *certiorari.*

Before Justices VAN SYCKEL and GARRETSON.

For the prosecutor, *Reed & Coddington.*

For the defendant, *Codington & Swackhamer.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case brings up for review only an ordinance passed by the township committee of Fanwood regulating the speed of automobiles and providing punishment for its violation.

The affidavit upon which the writ was allowed sets up that the prosecutor was arrested for an alleged violation of the ordinance, but the proceedings in that suit are not by this writ certified into this court.

The prosecutor is met with the objection that in this posture of affairs he has no standing to sue out a *certiorari.*

It is the established rule that a right of action does not exist in favor of one who is only damnified as one of the public in common with his fellow-citizens. *Kean* v. *Bronson,* 6 *Vroom* 468; *Montgomery* v. *Trenton,* 7 *Id.* 79; *Jersey City* v. *Traphagen,* 24 *Id.* 434; *Tallon* v. *Hoboken,* 31 *Id.* 212; *Hamblet* v. *Asbury Park,* 32 *Id.* 502; *Kendall Co.* v. *Jersey City,* 36 *Id.* 123.

In *Hamblet* v. Asbury Park, Mr. Justice Garrison, in delivering the opinion of the court, said: "Conviction alone can furnish evidence that the ordinance affects the prosecutor."

The prosecutor's writ is an attack upon the ordinance exclusively and not upon the proceedings which he alleges has been illegally instituted against him.

For the purpose of arresting the further prosecution of that suit the writ was prematurely granted. He should have waited judgment in the case before he sued out his writ.

He is not within the exception to the rule that *certiorari*

will not be allowed before a final decision is reached in the inferior tribunal. *Hoxsey* v. *Paterson,* 10 *Vroom* 489.

Under the present aspect of the case, therefore, the prosecutor has no interest in the validity of the ordinance other than that which is common to all citizens.

But if the validity of the ordinance may be challenged by the prosecutor, is there any infirmity in it?

The act of 1899 (*Pamph L., p.* 385, § 32) gives the town committee power to pass ordinances to prevent immoderate driving or riding on any street or highway.

Section 22, page 380, gives power to the town committee to prescribe by ordinance a penalty for violating any ordinance by fine not exceeding $100, or by imprisonment in the township lock-up or county jail not exceeding ninety days, or by both. Such ordinance may prescribe the amount of fine or term of imprisonment, or it may provide that the justice before whom the proceeding shall be instituted shall determine whether the penalty shall be by fine or imprisonment, and if by fine, the amount thereof, and if by imprisonment, the term thereof, within the limits above prescribed.

This ordinance was duly passed and was within the granted power.

Section 23 of the act of 1899 authorizes arrest without warrant, on view of the officer, for violating the ordinance.

The cases hold that where the violation of an ordinance is punishable by fine only, the proceeding before a justice of the peace is a civil suit. *Pennsylvania Railroad Co.* v. *New Jersey Society,* 10 *Vroom* 400; *Greely* v. *Passaic,* 13 *Id.* 429; *Brophy* v. *Perth Amboy,* 15 *Id.* 217; *White* v. *Neptune City,* 27 *Id.* 222.

In the case last cited Mr. Justice Dixon held that the construction that it is a civil suit should be favored, and that, in such cases, *certiorari* will not lie, the remedy being by appeal to the Common Pleas, the justice having jurisdiction in the small cause court.

In the case in hand the justice may punish by fine or by imprisonment.

The act of 1899 expressly giving to the township committee the power to confer upon a justice of the peace the right to adjust the penalty in each case within the statutory limits, the ordinance, in that respect, is valid. *Young* v. *Atlantic City,* 31 *Vroom* 125.

The justice having power to impose punishment by imprisonment alone, the case is not within the authorities above cited which apply to a civil suit.

This is in the nature of a criminal proceeding before a justice of the peace, and not a civil suit in a Justice's Court. *Johnson* v. *Barclay,* 1 *Harr.* 1; *McGear* v. *Woodruff,* 4 *Vroom* 213.

It is a summary proceeding, which may be tried without a jury, as before the constitution of 1844 was adopted.

The question does not arise whether a jury may be demanded when the penalty exceeds $16.

If it is a civil suit *certiorari* will not lie, but appeal to the pleas is the appropriate remedy.

If it is a summary proceeding to inflict punishment, *certiorari* will lie after judgment below, but the denial of a jury will be no ground for reversal.

The writ is dismissed, with costs.