BOARD OF TENEMENT HOUSE SUPERVISION v. NATHAN GRUBER.

Argued November 3, 1909—Decided February 21, 1910.

An appeal will lie to the Supreme Court from proceedings in a District Court by the board of tenement house supervision, under the act of 1904. *Pamph. L., p.* 96.

On motion to dismiss appeal from the District Court of Newark.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the motion, *Josiah Stryker,* for the attorney-general.

Opposed, *John A. Bernhard.*

The opinion of the court was delivered by

SWAYZE, J. This is a motion to dismiss an appeal taken by the defendant in proceedings brought by the board of tenement house supervision, under the act of 1904. *Pamph. L., p.* 96. The ground of the motion is that the only remedy is by *certiorari.*

It must be conceded that the language of the act of 1902, which allows appeals in any action or proceeding in any District Court, is sufficient to warrant the appeal. It is argued, however, that the proceedings under the act of 1904 are of a summary character, the form of conviction being prescribed by the supplement of 1906. *Pamph. L., p.* 245. The distinction made is between suits of a civil nature, and criminal or *quasi-*criminal proceedings. *Unger* v. *Fanwood,* 40 *Vroom* 548. The difficulty which arises in the cases grows out of the fact that the legislature combines in one act language appropriate to both kinds of proceeding, and it is sometimes difficult to determine the legislative intent in this respect. These difficulties are sufficiently illustrated by

the cases of *Brophy* v. *Perth Amboy*, 15 *Id.* 217; *Holzworth* v. *Newark*, 21 *Id.* 85; *McEwen* v. *Board of Health*, 32 *Id.* 468; *Harman* v. *State Board of Pharmacy*, 38 *Id.* 117; *White* v. *Neptune City*, 27 *Id.* 222; *Board of Health* v. *Cattell*, 44 *Id.* 516; *Bourgeois* v. *Board of Health of Ocean City*, 48 *Id.* 162.

But for the decision in *Board of Health* v. *Cattell*, *supra*, it might be contended that the authority given by the act of 1904, section 193 (*Pamph. L., pp.* 144, 145), where the defendant has been twice convicted or has continued the violation for which he was previously convicted, to imprisonment in the county jail or county workhouse, with or without hard labor, suffices to make the proceedings of a criminal character. This court, however, has decided in that case that a proceeding before a justice of the peace under the act creating the board of health (*Gen. Stat., p.* 1638, *pl.* 18) is a civil suit in the court for the trial of small causes. That act is very similar to the act of 1904. It gives jurisdiction to District Courts, justices of the peace, police justices and recorders. It authorizes process in the nature of summons or warrant and execution against the body, and imprisonment in the county jail for not more than ninety days, and authorizes the court or magistrate, in case the defendant is twice convicted within the space of six months of a violation of the same ordinance, to cause him to be imprisoned in the county jail or county workhouse with or without hard labor. The only substantial difference between that act and section 193 of the act of 1904 is that the latter act authorizes a greater penalty, if it shall appear from the evidence that the offence was willful. But this does not suffice, in our judgment, to change the nature of the action. It is similar to an ordinary civil suit in which exemplary damages are allowed for a willful trespass. We think, therefore, that the appeal was properly taken and the motion to dismiss is denied.