NEW JERSEY SOCIETY · FOR THE PREVENTION OF CRUELTY TO ANIMALS, PLAINTIFF IN ERROR, v. RALPH RUSS, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

A justice of the peace holding office in a city in which a District Court exists has no jurisdiction to entertain a proceeding for a violation of the provision of section 13 of the act for the prevention of cruelty to animals.

On error to the Supreme Court.

For the plaintiff in error, *Aaron A. Melniker.*

For the defendant in error, *McDermott & Enright.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This writ of error brings up a judgment of the Supreme Court setting aside the conviction of Ralph Russ, had before a justice of the peace of the city of Hoboken, for a violation of the provision of section 13 of the act for the prevention of cruelty to animals.   The alleged violation took place in the city of Hoboken, and the principal ground of attack in the Supreme Court upon the conviction had before the justice of the peace was the lack of jurisdiction on the part of that judicial officer to entertain the proceeding.   Mr. Justice Swayze, who delivered the opinion of the Supreme Court, held that the proceeding before the justice of the peace was a civil one, and that the eighth section of the act relative to justices of the peace, passed in 1902 (*Pamph. L., p.* 500), and which provides that "no justice of the peace resident within the limits of any city where a district court is, or may be, established, shall exercise any civil jurisdiction whatever," deprived him of the power to entertain the proceeding.   We concur in the view expressed in the opinion of the Supreme Court, and would be content to affirm, without more, except for a statement contained in its first paragraph, which is not exactly accurate. That statement is as follows:  "The proceeding is under section 13 of the act for the prevention of cruelty to animals." The fact is that, although the proceeding was brought for a violation of the provision of section 13, the method of procedure followed before the magistrate was that provided by section 16 of the act, and found in the *Comp. Stat., p.* 62. The thirteenth section of the act not only prohibits certain kinds of cruelty to animals, and imposes a penalty for violation of its provisions. not to exceed $100 together with costs, but also provides for the collection of the penalty in an action of debt.   It goes without saying that such an action is a civil proceeding.   Section 16 of the act provides that any

person found violating any of the provisions of the statute in the presence of any member, officer, or agent of the society, or any sheriff, under-sheriff, constable, or police officer, may be arrested without warrant, and taken before the nearest magistrate, district court, or justice of the peace, and that thereupon a complaint being made and warrant issued returnable immediately, the party being in custody, the magistrate, court or justice of the peace, upon being satisfied as to the guilt of the party, may adjudge that he shall forfeit such sum, not to exceed $100 together with costs, as shall be determined against him, and shall be imprisoned and kept in custody until the said amount and costs are paid. The real question presented for decision, therefore, was whether a proceeding had under the sixteenth section of the act was a civil proceeding within the meaning of the eighth section of the act relative to justices of the peace passed in 1902.

An examination of section 15 of the act is, we think, all that is necessary to resolve this question. That section provides that: "Of all fines, penalties and moneys imposed and collected for any offense being in violation of this act, or under the provisions of this act, and not herein specially provided for, one-half shall be paid by the justice, court or magistrate, or by the clerk or other officer of the court receiving the same, to the informer, complainant or prosecutor, and he shall pay within thirty days, and without demand, the other half to the District Society for the Prevention of Cruelty to Animals of the county where the same were imposed and collected." An action for a penalty, a portion of which when recovered goes to the informer, is a *qui tam* action, and such an action, as was decided by this court in the case of *Brophy* v. *Perth Amboy,* 15 *Vroom* 217, is a civil action. Being a civil action, the fact that there was at the time of its inception a District Court in existence in the city of Hoboken, operated to oust any justice of the peace in that city of jurisdiction in this class of cases for the reasons pointed out by Mr. Justice Swayze in his opinion delivered in the Supreme Court.

The judgment under review will be affirmed.

*For reversal*—None.