SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, PROSECUTOR, v. JOSIAH D. WHITNEY, RESPONDENT.

Submitted December 6, 1912—Decided March 16, 1913.

1. In civil actions brought under section 14 of the Cruelty to Animals act of 1880 (*Comp. Stat., p.* 61), by reason of the thirty-first section of the District Court act (*Comp. Stat., p.* 1963), justices of the peace have no jurisdiction if resident within the limits of a judicial district where a District Court is established, except as conferred in cases of summary arrest by section 3 of the act of 1908 (*Pamph. L., p.* 225; *Comp. Stat., p.* 55, *pl.* 20.), as amended by *Pamph. L.* 1911, *p.* 676.

2.  Where a borough marshal stopped a dog fight in the street by shooting and wounding one of the dogs, which subsequently recovered, and refused on request to shoot again and kill the dog, a finding of the Common Pleas on appeal in a prosecution under the Cruelty to Animals acts, that the marshal was not guilty of a violation of those acts was supported by the evidence.

On *certiorari* to a judgment in the Bergen County Common Pleas, reversing on appeal a judgment before a justice of the peace in a proceeding under the "Cruelty to Animals" act; and on motion to dismiss the *certiorari* and rule to show cause thereon.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Mackay & Mackay.*

For the respondent, *Sommer, Colby & Whiting.*

The opinion of the court was delivered by

PARKER, J.   The motion to dismiss the writ was made by reason of alleged lack of jurisdiction in the justice to entertain the cause, and was based on the decision of the Court of Errors and Appeals in *N. J. Soc. P. C. A.* v. *Russ,* 54 *Vroom* 450, promulgated after the conviction and the judgment on appeal in this case. *Per contra,* it is urged that other statutes apply which render the ruling in the Russ case inapplicable.

The Russ case arose in a city where there was a District Court, and the ouster of the justice's jurisdiction was rested in that case on section 8 of the Justice Court act of 1902 (*Comp. Stat., p.* 3018), providing that no justice resident within the limits of a city where a District Court is or may be established, shall exercise any civil jurisdiction whatever. This was held by Mr. Justice Swayze, sitting as the Supreme Court in the Russ case, not to be nullified or repealed by the act of 1908 (at *p.* 225), especially the third section, providing that "all actions arising under the provisions of any act for the prevention of cruelty to animals shall be cognizable

before any Court of Common Pleas, District Court, police
justice, or other magistrate within the county or city
where the offence or offences were committed or the defend-
ant or defendants reside."

The question is whether the Russ case is controlling or
may be distinguished—*first*, because the present action arose
not in a city but in a country district, so that section 8 of
the Justice Court act does not apply; and *secondly*, in view
of the amendment of 1911 (at *p.* 676), to the third section
of the act of 1908.

So far as relates to the case at bar, the effect of the amend-
ment of 1911 is to eliminate section 3 of the act of 1908
entirely from consideration. It changes that section so as
to read "all persons summarily arrested for violating the
provisions of any act for the prevention of cruelty to animals
shall be tried" before certain designated magistrates; and
expressly repeals inconsistent acts. It may well be that in
cases of summary arrest the act of 1911 is effective to revive
the jurisdiction of justices of the peace notwithstanding the
decision in the Russ case; and so the Chief Justice seems
recently to have decided at chambers. The present case,
however, was not one of summary arrest, as was the Russ
case, but was commenced by summons. Hence we must
fall back on section 14 of the act of 1880 (*Comp. Stat., p.*
60), which conferred jurisdiction on "any justice of the
peace in the county, or any District Court or police mag-
istrate in any city where" the offence was committed under
the preceding section. This is not superseded by the Jus-
tice Court act of 1902, section 8, *ubi supra*, which refers
only to cities; but it is superseded by the District Court act
of 1898 and its amendments. Since the 1898 act, District
Courts have been established in counties as well as in cities,
and territorial judicial districts assigned to them (*Comp.
Stat., p.* 1951, §§ 1 to 1*f* inclusive), and the act modi-
fied throughout to meet the additions thus made. Section
30 makes every suit of a civil nature at law, or to recover
any penalty, &c., not exceeding $500 cognizable 'in these
courts; and section 31, as amended, provides, among other

things, "nor shall any justice of the peace resident within the limits of any city or judicial district where a District Court is or may be established, exercise any civil jurisdiction whatever." This is substantially the same as section 8 of the Justice Court act, except that it covers judicial districts as well as cities, and is contained in an act by another title. Any question of the sufficiency of the title is disposed of in this court by *Gallagher* v. *Benson,* 51 *Vroom* 181, and as the case at bar was a civil action, and it appears that the justice resided within the judicial district of a District Court, it follows that the Russ case is applicable, at least by analogy, that jurisdiction was vested in the District Court by sections 30 and 31 of the District Court act, and that the justice was without jurisdiction. The writ should therefore be dismissed.

If we had reached a different result on the question of jurisdiction, the judgment should have been affirmed. The Court of Common Pleas on hearing the evidence found that defendant had not been guilty of cruelty as charged. He was a borough marshal, and stopped a dog fight in the street by shooting and wounding one of the dogs. The complaint was for thus shooting the dog. On the hearing of the appeal, the evidence was directed to showing that after the dog was wounded defendant had been requested to shoot him again and kill him, and declined, thereby inflicting needless pain on the dog. It appeared, however, that the dog had recovered after being attended by a veterinary. It was quite competent for the court to find on this evidence that the defendant did not (to quote the pertinent words of the act) torture, torment, cruelly beat or abuse, or needlessly mutilate the animal. His act in shooting one dog was reasonably ascribable to a desire to prevent unnecessary suffering to the others involved in the fight; and his refusal afterwards to kill the dog, if provable under the complaint, was fully justified by the recovery of the dog.

Let the writ be dismissed, with costs.