NICHOLAS LOWRIE, PROSECUTOR, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY, RESPONDENT.

Argued November 8, 1916—Decided February 21, 1917.

1. Proceedings under the act of 1915 (*Pamph. L., p.* 261) for illegal practice of dentistry are essentially a civil suit, subject to the procedure of the court in which they are brought. The defendant is entitled to jury trial if demanded.
2. In a complaint under the act of 1915 (*Pamph. L., p.* 261) for illegal practice of dentistry, it is enough to charge illegal practice in the language of the statute without setting forth specific instances, to aver that the illegal practice was during a named month without specifying the days, and that it was at defendant's office in a named city without further specifying the place.
3. The legislature may authorize imprisonment for non-payment of penalties imposed for offences that involve injury to the public.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Harry H. Weinberger.*

For the defendant, *Josiah Stryker* and *John W. Wescott,* attorney-general.

The opinion of the court was delivered by

SWAYZE, J. The prosecutor was convicted by the Passaic District Court under the act of 1915 (*Pamph. L., p.* 261) of practicing dentistry without a license. Of the numerous reasons for reversal we deal only with those which the counsel for the prosecutor deemed worthy of argument in his brief.

1. As to the argument that the District Court lost jurisdiction because a trial by jury was demanded and refused, it is enough to say that the record fails to show any demand for jury trial. If we look back of the brief, we find that the

thirteenth reason makes a broader claim and avers that the statute itself is unconstitutional because it fails to provide for a trial by jury. It is true that the act contains no express provision to that effect, but the absence of an express provision is not conclusive against the right to trial by jury. The right depends upon the procedure required by the statute, and that in turn depends on whether proceedings under the Practice of Dentistry act of 1915 are summary proceedings before the judge sitting as a magistrate, or are essentially an ordinary civil action subject to the procedure of the District Court, if brought in that court, or the procedure of the Common Pleas, if brought there. There is language in the statute which indicates that the legislature intended that the proceeding should be a summary one similar to summary proceedings before a magistrate without a jury. The fourteenth section provides for a hearing in a "summary manner," and the sixteenth section sets forth a form of "conviction." These words are proper only to a summary proceeding. The authorization of a warrant as the process to bring the defendant into court affords no argument, since a warrant may be used in a civil action as well as in a summary proceeding, and this very statute authorizes as well a summons, which is more applicable to civil suits. There are other expressions, however, which clearly show an intention that the proceedings should be in the nature of a civil suit. The very facts that the courts to which jurisdiction is given are courts that, except for this and a similar statute as to the practice of medicine, deal only with civil suits, and that it is the "court" and not the judge as a magistrate who is to hear testimony and give judgment, are persuasive that the legislature had in mind an ordinary civil suit. Other expressions in the fourteenth section are conclusive. The proceeding is one between two parties, the board of registration and examination in dentistry, "as *plaintiff*," and the defendant. The word plaintiff is quite inappropriate to summary proceedings. Provision is made for hearing *"without the filing of any pleadings."* No such

provision would have been necessary or would have been thought of in any but an ordinary civil suit, where but for the statute, pleadings would have been required. Unless we are to assume that the legislature did not use legal terms in their well-established legal sense, we must assume that if they had meant the proceedings to be summary, they would have used the word complaint and not the word pleadings. If we look further than the mere language of the statute at its substance, we find that not only is the proceeding in effect a suit *inter partes,* but the judgment, if against the defendant, is for the plaintiff—the dentistry board—for its own benefit. Moreover, section 17 enacts that the costs shall be the same as costs taxed in actions in said courts, and that if the judgment is in a District Court, it may be docketed in the same manner as other judgments in that court. The fact that imprisonment is authorized in case of failure to pay the judgment, does not affect our conclusion, since that point was involved and decided in cases under similar statutes. *White* v. *Neptune City,* 56 *N. J. L.* 222; *Board of Health* v. *Cattell,* 73 *Id.* 516; *Tenement House Board* v. *Gruber,* 79 *Id.* 257. The present case is, if possible, clearer than those, especially since the legislature must be presumed to have known of those decisions when it passed the act of 1915 and modeled it on the statutes there construed. We conclude, therefore, that the defendant would have been entitled to trial by a jury if he had made the demand required by the District Court act, and his present objection to the constitutionality of the act of 1915 fails. But as the record fails to show an application for a jury, no error appears in this respect.

2. It is argued that the complaint is defective because not definite and specific as to the time when, place where, and person upon whom, the defendant practiced dentistry. We think that when, as in this case, the offence is charged in the language of the statute, it is not necessary to set forth in the complaint each specific instance that may be relied on as evidence of the practice. No reason is suggested why the

ordinary rule sustaining that method of pleading statutory offences is inapplicable. As to the allegation of time, we think that in the case of a continuous offence like the present, it is enough to charge, as is here done, that the defendant practiced dentistry during the month of January, 1916. As to the allegation of place, we are unable to see any force in the argument that an allegation that the defendant practiced dentistry at his office in the city of Passaic is not sufficiently definite.

3. It is argued that the act of 1915 is unconstitutional because it authorizes the court to commit a defendant to the county jail for failure to pay the amount of the judgment rendered against him. As far as we know the only constitutional provision limiting the power of the legislature in this respect is that forbidding imprisonment for debt. That provision, however, does not apply to penalties for offences that involve injury to the public even though the statute gives the penalties to a private individual. It was so decided by the United States Supreme Court in a case involving the construction of the act for the government of the Philippine islands. *Freeman* v. *United States,* 217 *U. S.* 539. The report of this case in 19 *Ann. Cas.* 755 has a valuable note collecting the authorities. We cannot doubt that it is within the power of the legislature to make the practice of dentistry without license an offence against the public, since they may well think it involves public injury, and to punish it by fine or penalty, and to authorize imprisonment for non-payment of the penalty. The practice to that effect in other cases has been long continued.

The judgment must be affirmed, with costs.