ALTEN S. MILLER, PROSECUTOR, v. THE BOROUGH OF BELMAR AND JAMES B. HOUSEL, RECORDER, DEFENDANTS.

Argued January 6, 1925—Decided June 27, 1925.

1. A municipality may, within the provisions of its charter, adopt and enforce reasonable regulations to protect the lives of people by restrictions as to bathing in the ocean or a river, by virtue of the police power.

2. In the prosecution for the violation of a municipal ordinance, which restricts the bathing by individuals to an authorized bathing beach and within the safety lines established at such bathing beach, and which forbade any person from willfully or recklessly swimming outside of the safety limits of such bathing beach, it is incumbent that the record of conviction show that a bathing beach had been established by municipal action, and that the defendant had either willfully or recklessly gone beyond the safety line so established.

3. The record of a conviction of a violation of a municipal ordinance, being of a penal nature, must set forth the offense of which the defendant is convicted, and it is not sufficient that it shows that the defendant was convicted of a violation of a particular section of the ordinance as charged in the complaint.

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Harry R. Cooper.*

For the defendants, *Joseph Silverstein.*

The opinion of the court was delivered by

KALISCH, J.   The prosecutor was convicted in the recorder's court of the borough of Belmar of the violation of section 3 of an ordinance entitled "The Beach Regulation Ordinance," and was adjudged to pay a fine of $10 and $4 costs.

Section 3 of the ordinance provides, "That no person shall willfully or recklessly disregard his or her own life or the

lives of others, by swimming or bathing in any waters of the Atlantic ocean or Shark river in or bounding the borough of Belmar, except at an authorized bathing beach during bathing hours and within the safety limits established at such bathing beach."

Section 9 provides, "That any person, firm or corporation who shall violate any section of this ordinance shall be punished by a fine of not exceeding $100 or be imprisoned in the borough or county jail for any term not to exceed thirty days." * * *

The complaint, on which the prosecutor was convicted and fined, "charged that one Alten Miller did violate section 3 of ordinance No. 152 of the borough of Belmar, in that the said Alten Miller did willfully and recklessly disregard his own life by swimming in the Atlantic ocean in Belmar and outside of the safety limits as established at such bathing beach in the borough of Belmar, as provided in said ordinance."

On behalf of the prosecutor the four specific reasons presented and argued in the brief of his counsel, why the conviction should be set aside and the judgment reversed, are as follows:

1. The conviction does not set forth the ordinance alleged to have been violated.  2. The conviction does not sufficiently set forth the offense charged.  3. The conviction does not set forth sufficient of the evidence to show what offense, if any, was committed.  4. The conviction does not show a case clearly within the provisions of the ordinance.

Thus, it is to be observed, that the prosecutor's attack is leveled solely at the infirmity of the conviction.

Before discussing the merits of the prosecutor's contention, we must pause for a moment, in order to dispose of a preliminary question raised on behalf of defendants, which question involves a consideration of the regularity of the proceedings taken by the prosecutor to test the validity of the judgment.  For, on behalf of the defendants, it is urged that since the act of 1895 (*Pamph. L.* 1895, *p.* 218; 4 *Comp. Stat.*, *p.* 5527, *pl.* 355, § 34) entitled "An act providing for the formation, establishment and government of towns," pro-

vided that no violation of a town ordinance shall be reversed for any imperfection, omission, defect in or lack in form, nor for any error except such as shall or may have prejudiced the defendant in his defense upon the merits, and because, in the present case, the objections are purely of a technical character, and do not go to the merits of the case, the writ should be dismissed.

The fallacy of this contention lies in the fact that the section relied on has no application to the case in hand. The section referred to is solely applicable to violations of town ordinances where an appeal has been taken to the Court of Common Pleas. This declaration, however, by the court, is not to be assumed as in anywise implying that the objections to the validity of the proceedings are such as do not go to the merits of the case.

The proceedings in the instant case are governed by an act entitled "A general act relating to boroughs [Revision, 1897]." *Pamph. L.* 1897, *p.* 285. Section 13 of the act provides for a borough recorder who shall have the same jurisdiction and power in cases of violations of borough ordinances as were vested in the mayor, "and the same power and authority to issue process, try and determine said causes, and fine or imprison upon conviction, and shall receive the same fees."

By section 11 it is provided that "when the penalty imposed shall exceed $20, either party shall have the right of appeal to the Court of Common Pleas at any time within ten days from the date of the judgment." * * *

In the present case the penalty imposed was $10 fine and $4 costs.

Thus, it is to be observed since the penalty imposed was less than $20, the only way open for the prosecutor to have the judgment against him reviewed was by a writ of *certiorari*.

While the discriminatory judicial eye may discern in the section of the ordinance of which the prosecutor was charged with having violated a tendency to restrict the "freedom of the seas," it is to be noted that the validity of the section of

the ordinance, which is the fundament of the complaint against the prosecutor, has not been discussed in the brief submitted on his behalf, and, therefore, we refrain from dealing with the matter, except to say, by way of comment, that were it not for the fact that the spirit of the interdiction is *in favorem vitæ*, we would be prone to regard the inhibition as an unlawful invasion upon the absolute rights of individuals.

It is therefore quite essential, in dealing with legislation which tends to restrict the free exercise of personal rights, that it should be carefully and calmly scrutinized and weighed in the balance of the organic law upon which our government is founded before receiving judicial sanction.

It is a matter of common knowledge that the ocean at certain periods of the day and during certain conditions of the weather becomes a place of danger to the life of the bather, as well as to the expert swimmer. To protect the lives of those who resort to the beach for bathing or swimming purposes in the ocean or river, and are ignorant of the danger, as well as of those who are rash or foolhardy, regulations controlling their conduct seem to be necesary.

Laws to protect the lives of the latter against their own imprudence and folly are just as necessary as are laws to protect them against the injurious and unlawful acts of their fellows. So, that it has been long recognized, as a firmly fixed principle in the exercise of legislative power, that a municipality may adopt and enforce, within the province of its charter, in the exercise of its police power, reasonable regulations to protect the life, liberty, property, health and good morals of its people and to promote their general welfare.

There are two alleged records of conviction in the same case before us. It appears that the recorder sent a transcript of his docket to this court in apparent obedience to the writ of *certiorari*. This transcript recites a history of the cause, gives the names of the witnesses, the substance of the testimony of each witness who testified for the prosecution, as well as of those who testified for the defense. The transcript concludes: "After hearing the sworn testimony of all the witnesses on behalf of the complainant and those offered

on part of the said Alten S. Miller, I have, on considering the evidence, convicted and do convict the said Alten S. Miller of violating section 3 of ordinance No. 152 of the borough of Belmar, as charged in the complaint, and I do order and adjudge that the said defendant pay a fine of ten [$10] and court costs in the sum of four [$4] in addition thereto."

The state of the case shows that subsequent to the above return an application was made, by counsel of prosecutor, to Mr. Justice Trenchard for an attachment for contempt against the recorder for disobeying the writ of *certiorari* in not certifying to the court a transcript of the original conviction as it was entered upon the recorder's docket, on August 20th, 1924, whereupon a rule was allowed by the justice, directed to the recorder, to certify to this court the conviction of the prosecutor as it appeared in the docket on August 24th, 1924.

In pursuance to this rule the recorder certified a transcript containing, in substance, the testimony of the witnesses as in the original return to the *certiorari*, but concluded as follows: "6th wit.: Mrs. Alten S. Miller, after being sworn, the evidence given, stated that a good swimmer had no bearing on the case, and that the evidence given, in the opinion of the court, that the said ordinance was violated, by the defendant, was judged guilty, and subject to a sentence of a fine $10 [ten dollars] and court charges $4."

"The above is an abstract taken from page 101 of scratch minutes, and is not from any regular docket. James B. Housel, borough recorder."

We are of the view that a transcript taken from the docket of the recorder's court of the proceedings had in the case before him constitutes the only record with which we are concerned. Therefore, the "scratch minutes," subsequently certified to the court, by the recorder, under the rule above mentioned, cannot properly be considered.

In considering the merits of the case, it is to be observed that section 3 of the ordinance prohibits the swimming or bathing of any person in the Atlantic ocean or Shark river, bounding on the borough of Belmar, in a willful or reckless disregard of his or her own life or the lives of others, except

at an authorized bathing beach, during bathing hours and within the safety limits established at such bathing beach.

Without attempting to extract from this provision its true meaning and design so as to harmonize it with general sound sense, and without doing violence to the ordinary meaning of the language used, it suffices here to point out that in order to show a violation of this section of the ordinance, it was incumbent upon the municipality, in the prosecution of a complaint based thereon, to prove that it had established a bathing beach and safety lines, and that the prosecutor, during bathing hours, had either willfully or recklessly in disregard of his own life, gone beyond the safety limits as established by the borough. *Atlantic City* v. *Turner,* 67 *N. J. L.* 520.

According to the record it does not appear that there was any testimony tending to prove that the borough had established any such bathing beach and safety lines, or that the prosecutor had either willfully or recklessly disregarded the safety of his own life. The absence of such proof of any one of these essential requirements renders the conviction void, and necessitates its being set aside. *Atlantic City* v. *Turner, supra.*

Moreover, the record of conviction is radically defective. The legal rule in penal actions is that the record of conviction must set forth the offense of which a defendant is convicted.

The words, "I have, on considering the evidence, convicted and do convict the said Alten S. Miller of violating section 3 of ordinance No. 152 of the borough of Belmar, as charged in the complaint," are not sufficient.

The following cases are controlling on the question of the legal sufficiency of the record of conviction. *Keeler* v. *Milledge,* 24 *N. J. L.* 142, and cases therein cited; *Marinelli* v. *Schneider,* 61 *Id.* 177, where the cases are collated by Mr. Justice Garrison, who (at *p.* 178) says: "It is not enough, in these summary prosecutions, that the power to convict has been strictly pursued; it must, in and by the conviction, be made so to appear." The reason for this is given by Lord Mansfield, in *Rex* v. *Little,* 1 *Burr.* 613, in these words:

"Convictions ought to be taken strictly, and it is reasonable that they should be so because *they must be taken to be true against the defendant."* *Schlachter* v. *Stokes,* 63 *N. J. L.* 138; *Asbury Park* v. *Layton,* 69 *Id.* 559; *North Plainfield* v. *Goodwin,* 72 *Id.* 146; *Esping* v. *Elizabeth Society, P. C. C.,* 79 *Id.* 357; *Peer* v. *Dixon,* 82 *Id.* 366.

For the reasons stated the judgment is reversed, with costs.