RICHARD MINOCHIAN ET AL., APPELLANTS, v. CITY OF
PATERSON, RESPONDENT.

Submitted October 25, 1929—Decided February 3, 1930.

For the appellants, *Frank J. Davies.*

For the respondent, *Charles H. Roemer.*

The opinion of the court was delivered by

PARKER, J.  This is an appeal from a judgment of the
Supreme Court, affirming, on *certiorari,* an affirmance by a
Common Pleas judge of the conviction of prosecutors for
violation of a city ordinance denouncing, among other things,
the act of being "present in any house, room, or apartment
*   *   *   wherein betting   *   *   *   or gaming   *   *   *

for money or valuables is allowed or carried on." Such is the material language of the purview; there is a proviso, which will be considered later on. The section of the ordinance is reproduced entire in the Supreme Court opinion, as is also the language of the complaint and in part that of the conviction. This last is incorrectly quoted, however, by the Supreme Court, the word "not" having crept in by some clerical error. 105 *N. J. L.* 73; 143 *Atl. Rep.* 826, column 2. It should read: "And it not appearing to the court from the testimony that the defendants were *innocently present* without any interest in the gaming." (Italics mine.)

The opinion of the Supreme Court reads for a dismissal of the *certiorari* on the ground that the Common Pleas judge had no jurisdiction to entertain the appeal, but we think the conviction should be affirmed on the merits, and that a dismissal on the theory advanced in the opinion of the Supreme Court would have been erroneous. That theory, as we understand it, is that, inasmuch as the statute of 1908 (*Pamph. L., p.* 442; *Comp. Stat., p.* 1868, *pl.* 145b) providing for a summary review by a Supreme Court justice or a judge of the Common Pleas, of a conviction before a magistrate for the violation of a municipal ordinance, prescribes that if the justice or judge finds the proceedings and conviction to be illegal, he may set aside the same and "order the discharge of the person so convicted from custody," its scope is limited to cases in which such defendant is actually in custody; and as the prosecutors in this case were not in custody when the judge of the Common Pleas reviewed the conviction, he was without jurisdiction in the premises. Upon the filing of this opinion, there was an application for rehearing in which it was pointed out that although the argument on *certiorari* to the affirmance of the Common Pleas judge had been predicated on the act of 1908, *supra,* it was also supported by the act of 1895 (*Pamph. L., p.* 764), reprinted in the compiled statutes under the title of *"Certiorari." Comp. Stat., p.* 408, *pl.* 16. This act says nothing about discharging from custody, but provides simply that the reviewing court may set aside the judgment and proceedings if said court

shall find the same to be illegal. The Supreme Court refused a rehearing without stating any reason, and was doubtless justified in that refusal because the prosecutors failed to invoke the act of 1895 in the first instance. However, we are not particularly concerned with this phase of the matter; for the final clause of the supplement of 1908 to the Criminal Procedure act (*Comp. Stat., p.* 1868), interpreted by the Supreme Court as restrictive to cases in which there is a sentence of imprisonment, is in our view merely incidental to complete relief by the method of review provided. If the interpretation of the Supreme Court is adopted, it will gravely affect by analogy several cognate statutes of general importance, in the administration of which no such view, so far as we are aware, has ever been suggested.

The rule is, of course, elementary and fundamental that at common law a summary conviction was reviewable only by *certiorari;* and that rule still obtains to-day except that in certain cases and for greater convenience and expedition, the legislature has undertaken to provide an intermediate review which, however, is itself subordinate to the writ of *certiorari* issuing out of the Supreme Court by virtue of its constitutional prerogative. *Newark* v. *Kazinski,* 86 *N. J. L.* 59; *City of Summit* v. *Iarusso,* 87 *Id.* 403; *Board of Health* v. *Cohen,* 88 *Id.* 369. A hasty glance over the statutory field appears to indicate that legislation of this character was first undertaken in the year 1880, when the legislature passed on act entitled: "An act to provide for the review by the justices of the Supreme Court of this state of summary convictions by justices of the peace, police justices and recorders of cities in this state." *Pamph. L., p.* 58. This act, as will be observed, conferred no power of review upon anyone except the justices of the Supreme Court. It should also be noticed that its title is broad enough to cover the review of all summary convictions within the stated class whatever may have been the penalty imposed. Section 2, which is substantially in the words of the legislation under consideration and which is apparently the prototype of all our legislation of this character, provides that it shall be lawful for the justice of

the Supreme Court, "if such proceedings and conviction shall thereupon be found to be illegal, forthwith to set aside the same and to order the discharge of said offender from custody." A few years later it seems to have been found expedient to confer similar jurisdiction upon other judges than the justices of the Supreme Court, and, accordingly, we find in *Pamph. L.* 1890, *p.* 149, an act entitled as a supplement to the above act, and which provides that the law or president judge of any Court of Common Pleas shall have concurrent jurisdiction in his county with the justice of the Supreme Court, and if he finds the proceedings illegal, he is to have similar power to set aside the same and order the discharge of such offender from custody. This act was attacked in 1897, and at the February term, 1898, of the Supreme Court, that court held that the supplement of 1890 was unconstitutional because its object had not been expressed in its title. *Treasurer of Plainfield* v. *Hall,* 61 *N. J. L.* 437, 438. In the meantime both acts had been carried into the compilation known as the General Statutes of 1895, and they will be found on page 1206 of volume 1 of that work under the title "Disorderly Persons," and during the same period the legislature passed twice, at the session of 1895, the act which now appears in the Compiled Statutes, at page 408, under the title of *"Certiorari,"* but is an independent enactment entitled, "An act concerning proceedings to review judgments or other judicial proceedings of any city judge, police court or of city ordinances or ordinances of city boards of health." *Pamph. L., pp.* 296, 764. The language of this act is also substantially identical with that of the former act except that the clause about discharging the offender from custody is omitted. In 1898 the act concerning disorderly persons was revived (*Pamph. L., p.* 942), and on page 954 we find in section 39 the same provision relating to summary review by the justices of the Supreme Court or the Court of Common Pleas upon application "by any person convicted as aforesaid," *i. e.,* by virtue of section 36 and of the sections imposing a penalty, and particularly section 40, which authorizes the magistrate to sentence the offender to imprisonment for not

exceeding a year and impose a fine of not exceeding $25 except in the case of tramps, where an imprisonment from thirty days to six months is authorized (section 10), and of desertion of wife or family. The point to be noticed is that section 39 is applicable to any conviction under the act and that the majority of such convictions may, and often do, involve a term of imprisonment.

In view, therefore, of the matters just stated, we are clearly of the opinion that when in 1908 the statute providing for a summary review by a Supreme Court justice or a judge of the Common Pleas from any conviction of this character was annexed to the Criminal Procedure act by way of supplement, the inclusion of the final clause about discharging a person so convicted from custody was, as we have already intimated, by way of enhancing the remedial value of the statute, and not by way of any limitation of its scope; and this view is fortified by the fact that precisely the same language is to be found in section 36 of the Motor Vehicle act of 1906 (*Comp. Stat., p.* 3442), relating to offenses against that act, for which the punishment by section 35 is a fine or imprisonment in many cases; and that the same language has been carried into the Motor Vehicle act of 1921. *Pamph. L., p.* 685, § 35.

From all this we conclude that the judge of the Common Pleas in the case at bar had jurisdiction either under the act of 1895 or the act of 1898, to review the conviction in the recorder's court, and that such review was before the Supreme Court for decision upon the merits, which we now proceed to consider.

The first point made for prosecutors is that the complaint does not sufficiently set forth the title of the ordinance. It describes the ordinance as "An ordinance to prohibit gaming and the keeping of gaming houses in the city of Paterson, and to provide for the punishment thereof," passed August 19th, 1899, and approved the same day, and the amendments thereof." The point seems to be that the title of the amending ordinance should have been recited, because the offense denounced and its punishment are both comprised in the

amendments. But it is a familiar principle in relation to statutes that an act and its supplements are to be considered as one law. *Van Riper* v. *Road Board,* 38 *N. J. L.* 23; *Barnaby* v. *Bradley & Currier,* 60 *Id.* 158; *Central Railroad Co.* v. *State Board,* 75 *Id.* 771; *Gas Light Co.* v. *South River,* 77 *N. J. Eq.* 487. It is also familiar practice to cite the original statute particularly and the supplements and amendments thereto in more general terms after the original has been fully identified. We see no good reason why the same practice should not apply to an ordinance and its amendments and supplements.

The next point is that the offense charged is a crime, and that the board of aldermen of Paterson had no authority to make it cognizable in a summary proceeding because of the constitutional provision requiring action by a grand jury; and the Supreme Court case of *State* v. *Green,* 96 *N. J. L.* 434, and the cases cited therein are relied on. The difficulty with this argument, however, is that the complaint does not rest upon any provision of the ordinance referring to a crime. A reference to the language of the ordinance, quoted in the Supreme Court opinion, will show that it includes as an offense the mere act of being present in a house or room wherein gaming is allowed or carried on; and the complaint simply charges that the defendants named therein "were present" in a described room wherein, &c. It may be conceded for present purposes, though we do not so decide, that the habitual presence in such a place and habitual enjoyment of its facilities may make such a participator an aider and abetter in the crime of keeping a disorderly house; but the complaint does not charge, nor does the conviction adjudge guilt of any other offense than being present on the one occasion. It is not suggested that this is a crime at common law; and if not, the municipal authority had jurisdiction under the provision of the charter giving power "to restrain and suppress disorderly and gaming houses." The distinction is noted in *Meyer* v. *State,* 42 *Id.* 145 (at *pp.* 156, 157). See *State* v. *Gratz,* 86 *Id.* 483; *affirmed,* 88 *Id.* 742; *State* v. *Rodgers,* 91 *Id.* 212, 214. The fact of presence

on one occasion is something which may properly be branded as a disorderly act and punished as such in a summary way.

The next point is that "the ordinance is unreasonable and contrary to the rules of the common law." Under this it is argued that the ordinance imposes on the accused the burden of proving his innocence. It imposes no burden except that very common in such cases, where there is a proviso constituting an exception to the general language of the purview. The settled rule is that where the proviso or exception is not in the enacting clause, but in a subsequent clause, the complaint need not aver, nor need the prosecution prove, that defendant is not within the exception, but defendant is required to bring himself within such exception and has the burden of proving that. *State* v. *Terry,* 73 *N. J. L.* 554; *State* v. *Reilly,* 89 *Id.* 627; *State* v. *Cohen,* 4 *N. J. Mis. R.* 59; *affirmed,* 103 *N. J. L.* 205. The matter is fully discussed and the authorities are collected in *State* v. *Lakewood Market Co.,* 84 *Id.* 512. If the defendants were present under conditions specified in the purview, they were liable unless they brought themselves within the proviso, and this the magistrate decided they had not done.

Finally it is claimed that the evidence was not legally adequate for conviction. It showed that the place was habitually used for gaming, that defendants were playing a game with dice and cards, that there was money on the tables, and that when the place was raided the defendants made a rush to escape. Such facts at the least would put them on their defense.

While the Supreme Court erred in saying that the writs of *certiorari* should be dismissed on the ground that the judge of the Common Pleas was without jurisdiction to review the conviction, the judgment affirming the action of the said judge was right. Consequently, the views we have above expressed lead us to affirm the judgment of the Supreme Court, though for a different reason, and also to affirm the judgment of the Common Pleas judge upholding the conviction. *Seaman* v. *Strollo,* 105 *N. J. L.* 570; *Hoxsey* v. *Paterson,* 40 *Id.* 186.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, JJ.   10.

*For reversal*—None.