MONMOUTH COUNTY CIRCUIT COURT.

JAMES KEATING AND ANN KEATING, EXECUTORS OF THE ESTATE OF JOSEPH KEATING, DECEASED, PROSECUTORS, v. EDGAR PHILLIPS & SON, INCORPORATED, AND THE SMALL CAUSE COURT, BEFORE WILLIAM AMMANN, A JUSTICE OF THE PEACE, DEFENDANTS.

Decided May 23, 1938.

For the prosecutors, *Harry Edelson.*

For the defendants, *Abraham R. Klitzman.*

LAWRENCE, C. C. J. The writ of *certiorari*, the return to which is here considered, issued out of this court to bring up for review as to jurisdictional legality a judgment entered on February 15th, 1938, in favor of Edgar Phillips & Son, Incorporated, against the prosecutors, for $49.50, with costs, in the Small Cause Court, before William Ammann, a justice of the peace, residing and holding such court in the township of Neptune, in this county. The suit there sounded in contract. The propriety of resorting to the present prerogative writ in this court is indicated in *Dufford* v. *Decue*, 31 *N. J. L.* 302, and by statutory provision. *Rev. Stat.* 1937, 2:33-133, 134, *p.* 224.

The question involved is purely jurisdictional. Prosecutors urge that a Small Cause Court held by a justice of the peace in the township of Neptune has no jurisdiction in a civil suit such as that here involved. The point made is that the township is within the territorial jurisdiction of the First Judicial District of the county of Monmouth in which a District Court is established and has functioned continuously since the year 1913. See *supra,* 2:8-4, *p.* 27. That court, it is claimed, had exclusive jurisdiction of the suit and the parties, since prosecutors reside within its territorial limits, one in the township of Neptune and the other in the borough of Belmar. That this is so is not denied. Both municipalities are situate within the boundary of the First Judicial District of the county of Monmouth, as defined by statute, *supra.* They are named therein.

On the institution of the action in the Small Cause Court, before the justice of the peace in question, prosecutors appeared specially, by their attorney, submitted proof as to residence, and objected to the court's authority to entertain the suit. On the objection being overruled, they withdrew and the justice, on *ex parte* proof of the debt claimed, entered judgment against them. They then sought and obtained the present writ of *certiorari,* the return to which is now before this court for review on two grounds, the first statutory and the second constitutional.

As to the first, they rely on a provision of the Small Cause act (*Pamph. L.* 1903, *ch.* 165, *p.* 251, § 1) as amended in 1923 (chapter 175, page 461, section 1), which, after reciting in detail the nature of the court's jurisdiction, sets down two provisos, the second of which is, "provided, further, the said court shall not have jurisdiction over any cause or proceeding cognizable before a District Court where any defendant resides within a municipality wherein a District Court is established." All acts and parts of acts inconsistent therewith were thereby repealed and the act took effect immediately. Examination fails to disclose any further change in the law, so far as the Small Cause act is concerned, and the amendment would appear to be applicable to the question here involved, unless other legislation germane and controlling is found.

Defendants claim that there is such legislation and refer to the District Court act of 1898 (chapter 228, page 556), section 31 of which as amended in 1908 (chapter 49, pages 76, 77) provided that "no justice of the peace or small cause court shall have jurisdiction over any cause or proceeding cognizable before a district court, where the defendant or defendants reside within any city or judicial district, where a district court is established, nor shall any justice of the peace resident within the limits of any city or judicial district where a district court is or may be established, exercise any civil jurisdiction whatever." In *Payne* v. *Mahon,* 44 *N. J. L.* 213, 216, it was said that "the grant of jurisdiction is a necessary incident to the establishment of District Courts and the taking away of the jurisdiction conferred from other courts which, up to that time, had exercised it is germane to it." The following cases are also pertinent: *New Jersey S. P. C. A.* v. *Compton,* 71 *Id.* 86; 58 *Atl. Rep.* 110; *The Same* v. *Russ,* 83 *N. J. L.* 450; 83 *Atl. Rep.* 961; *The Same* v. *Whitney,* 84 *N. J. L.* 136; 86 *Atl. Rep.* 61, and *Rayner* v. *Benjamin,* 88 *N. J. L.* 83; 95 *Atl. Rep.* 767.

However, section 31 of the District Court act was amended in 1920 (chapter 338, page 602) by adding a proviso that in judicial districts that are or may be created in counties of the state bordering on the Delaware river the justice of the peace or Small Cause Court should have the same jurisdiction in civil matters as before. Inconsistent acts were thereby repealed and the amendment took effect immediately. Again in 1921 (chapter 211, page 689) section 31 was further amended by the proviso that in judicial districts that are or may be created in counties in the state bordering on the Atlantic ocean the justices of the peace or Small Cause Courts shall have jurisdiction in every such District Court district in every suit of a civil nature where the debt, balance, damages or other matter in dispute does not exceed, exclusive of costs, the sum of $50, as if there was no judicial district in said county. The usual clause as to the repeal of inconsistent legislation was added.

It will thus be observed that the Small Cause act as amended in 1923, *supra,* which repealed all inconsistent prior

legislation, appears to be out of harmony with the last cited amendment of section 31 of the District Court act in the effect on Small Cause Courts within the First Judicial District of the county of Monmouth (which county borders on the Atlantic ocean). The amendments obviously cannot be reconciled, relating as they do to substantially the same subject-matter. Prosecutors therefore argue that the amendment of 1923 to the Small Cause act repealed the amendment of 1921 to section 31 of the District Court act. They also urge that the latter violated article IV, section VII, paragraphs 4 and 11 of the state constitution relating to defective or insufficient titles to legislative acts and prohibiting special legislation regulating the internal affairs of towns and counties.

Since the present proceeding involves a judgment in the Small Cause Court, it would seem quite sufficient to confine consideration of the matter to the definition of jurisdiction as found in the general act relating to that court and such amendments to it as may have been made by the legislature from time to time, in order to ascertain the state of the law as it was in the jurisdictional sense at the time of the institution of the suit against prosecutors. So considered, it seems clear enough that factually they resided within the territorial limits of the First Judicial District of the county of Monmouth, in which there was an existing District Court, and that by the very terms of the amendment of 1923 to section 1 of the Small Cause Court act a justice of the peace residing and holding the court in the township of Neptune was without jurisdiction.

It is entirely too narrow an interpretation to place upon the language of the amendment, which undoubtedly repealed all inconsistent related prior legislation, that it must be limited to a single municipality in which there is a District Court. It naturally would also include a judicial district in which several municipalities are joined with an established District Court duly authorized to render the service contemplated to the exclusion of some other inferior court theretofore existing. *Rev. Stat.*, 2:8-40. See, also, New Jersey S. P. C. A. *v.*

Whitney and Rayner v. Benjamin, cited above. The conclusion is that the amendment of 1923 to section one of the Small Cause Court act repealed that of 1921 to the District Court act and deprived the justice of the peace holding the Small Cause Court in question of jurisdiction, with the result that the judgment brought up by the writ of *certiorari* should be declared void and for nothing holden.

But it may also be said that the amendment of 1921 to the District Court act violated article IV, section VII, paragraph 11 of the state constitution, as interdicted special legislation. It is clearly so. What substantial reason existed—or now exists—for giving a justice of the peace holding a Small Cause Court any jurisdiction in civil suits, whatever the amount involved, in judicial districts in counties bordering on the Atlantic ocean, where District Courts are established. and denying such jurisdiction to justices holding Small Cause Courts in other judicial districts in the state not so situate is not apparent. The discrimination cannot be justified on any sound basis of reasoning and accents the character of the legislation as special and not general. Similar legislation was condemned in *Board of Tenement House Supervision* v. *Mittleman,* 104 *N. J. L.* 486; 141 *Atl. Rep.* 571, where the reason sught to be advanced in support of it was declared to be illusory, that is to say fallacious. Quoting from *Van Riper* v. *Parsons,* 40 *N. J. L.* 1, 9, it was there said: "Interdicted local and special laws are those that rest on a false or deficient classification. Their vice is that they do not embrace all of the class to which they are naturally related; they create preferences and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places that are not dissimilar in these respects."

The reasons relied on by prosecutors for setting aside the judgment brought up by the writ are consequently found to be adequately supported by the law and authorities cited.