## BERGEN COUNTY COURT OF COMMON PLEAS.

### BOROUGH OF RAMSEY, v. PETER BASIL AND SAMUEL BASIL, DEFENDANTS.

Decided September 23, 1941.

For the borough, *Romeo R. Napolitano.*

For the defendants, *James M. Muth.*

DELMAR, C. P. J.  The petition of the defendants, addressed to me as a judge of the Court of Common Pleas, Bergen County, sitting as a Special Statutory Tribunal, under *R. S.* 2:215-7, alleges that they were "convicted" of violating section 25 of ordinance 71 of the Borough of Ramsey and fined $5 each therefor by F. William Gertzen, Mayor of the Borough of Ramsey.  The return of the Mayor shows that the defendants were "convicted" of violating said ordinance by tampering with a water meter.

Defendants' brief sets forth five reasons why, it is alleged, the judgment of the Mayor should be reversed.  I deem it unnecessary to consider the merits of the defendants' contentions, because, as I view it, they are not entitled to have said judgment reviewed by me.

The ordinance in question, by section 32, provides that any person violating any section thereof, shall upon conviction

be subject to a fine of not more than $50 for each and every offense, and that the officer before whom such person shall be brought, on conviction, shall impose a fine, in the discretion of such officer, of not more than $50.

The cases hold that where the violation of an ordinance is punishable by fine only, the proceeding to impose such fine is a civil suit. *Brophy* v. *City of Perth Amboy* (*Court of Errors and Appeals*), 44 *N. J. L.* 217; *White* v. *The Borough of Neptune City* (*Supreme Court*), 56 *Id.* 222; 28 *Atl. Rep.* 378; *Unger* v. *Township of Fanwood* (*Supreme Court*), 69 *N. J. L.* 548; 55 *Atl. Rep.* 42; *Van Bueren* v. *City of Wildwood* (*Supreme Court*), 9 *N. J. Mis. R.* 187; 153 *Atl. Rep.* 260. The fact that the statute *R. S.* 40:87-41; *N. J. S. A.* 40:87-41, provides that in default of the payment of the fine the defendants may be imprisoned, does not alter the character of the proceeding. *White* v. *The Borough of Neptune City, supra;* *Tenement House Board* v. *Gruber,* 79 *N. J. L.* 257; 75 *Atl. Rep.* 475; *Lowrie* v. *State Board,* 90 *N. J. L.* 54; 99 *Atl. Rep.* 927.

*R. S.* 40:87-32; *N. J. S. A.* 40:87-32, gives to the mayor of a borough the power to hear, try and determine, according to law, all actions which may be brought for the recovery of any penalty prescribed for the violation of any ordinance of the borough, and all offenses charged before him by complaint on oath, in writing, to have been committed in violation of such ordinances, for which the punishment is by fine or imprisonment. This section empowers the Mayor to try violators of ordinances, whether the procedure is a summary proceeding of a *quasi*-criminal character or whether it is a suit for a penalty such as the one under consideration.

*R. S.* 40:87-39; *N. J. S. A.* 40:87-39, provides for the procedure before the Mayor, which, in the case of a suit for the recovery of a penalty for the violation of a borough ordinance, is to be, as nearly as may be, conducted in the manner prescribed for the proceedings in the Small Cause Courts.

*R. S.* 40:87-42; *N. J. S. A.* 40:87-42, provides for an appeal to the Common Pleas Court where the penalty imposed shall exceed $20. The defendants could not appeal to the Court of Common Pleas under this section because the fines

imposed upon them were only $5 each; so they have petitioned me under *R. S.* 2:215-7; *N. J. S. A.* 2:215-7, to review their conviction. This latter statute was first enacted, as set out in chapter 228, *Pamph. L.* 1908, under the title, "A Supplement to an Act Entitled 'An Act Relating to Courts Having Criminal Jurisdiction and Regulating Proceedings in Criminal Cases' (Revision of 1898); Approved June 14th, 1898." It became section 145 B "Criminal Procedure Act," *Comp. Stat.* 1910, *p.* 1868, and is now classified in the Revised Statutes under the subtitle "Police Courts and Magistrates." Does this statute authorize a review by a judge of the Court of Common Pleas where the proceeding before the Mayor is in the nature of a civil suit? I think not. The title of the act alone is sufficient to show that the proceedings to be reviewed thereunder were to be of a criminal nature. A review of the cases in which said statute has been cited fails to disclose any judicial determination of this question. In *Westfield* v. *Stein,* 113 *N. J. L.* 1; 172 *Atl. Rep.* 522, and *Dzialkiewicz* v. *Township of Maplewood,* 115 *N. J. L.* 37; 178 *Atl. Rep.* 205, in the Supreme Court, and *State (Borough of Leonia)* v. *Clifford J. Heath,* 18 *N. J. Mis. R.* 471; 15 *Atl. Rep.* (2d) 92. before Judge Weber of the Bergen County Court of Common Pleas, are the only cases citing said statute which did not arise in cities. In none of these cases was the question under consideration mentioned.

All of the cases in which a review has been sought under said statute excepting those hereinbefore noted have arisen in cities, and cannot be considered as authority for sustaining a review in a case arising in a borough, because in the case of a city such review is authorized by *R. S.* 2:81-13, originally enacted as chapter 384, *Pamph. L.* 1895, under the title "An Act Concerning Proceedings to Review Judgments or other Judicial Proceedings of any City Judge, Police Court or other Inferior Court had for or on Account of alleged violation of city ordinances or ordinances of city boards of health; approved March 28th, 1895."

Furthermore, the 1908 statute relates to convictions and summary proceedings and provides that in a review, the complaint, warrant, proceedings and record of conviction

shall be returned as the record of the case. The words "complaint," "warrant," and "conviction" are words more suitably used to refer to a proceeding of a *quasi*-criminal nature rather than to a civil action to recover a penalty.

If it be thought that it is an anomaly for the legislature to empower the mayor of a borough to try cases of a civil nature, at least, its power in this respect is unquestionable. See *State* v. *Lakewood Market Co.*, 84 *N. J. L.* 512 (at *p.* 522); 88 *Atl. Rep.* 194, in which some of the cases and statutes are reviewed, and wherein it is said, "The question as to whether jurisdiction of matters of this kind (suit for a penalty) should be given to Justices of the Peace or to other Magistrates or Judges, is a question to be solved solely by exercise of legislative discretion." See, also, *S. P. C. A.* v. *Whitney,* 84 *N. J. L.* 136; 86 *Atl. Rep.* 61, and *McGuire* v. *Doscher,* 65 *N. J. L.* 139; 46 *Atl. Rep.* 576, which is an example of a civil suit for a penalty, brought in the First Criminal Court of Jersey City, and remanded back to that court for further proceedings.

It is competent for the legislature to authorize the enforcement of ordinances by any form of summary proceeding that would be lawful if the ordinances were legislative acts. *McGear* v. *Woodruff,* 33 *N. J. L.* (at *p.* 217). A civil suit for a penalty is a common form of such legislation. Such cases, if no other form of appeal or review is available, are always reviewable by *certiorari*. *Minochian* v. *Paterson,* 106 *Id.* 436 (at *p.* 438); 149 *Atl. Rep.* 61; *Miller* v. *Belmar,* 101 *N. J. L.* 481; 129 *All. Rep.* 761, in which case this was said to be the only remedy available for the review of a conviction under a borough ordinance when the fine imposed is less than $20, even where the penalty provided for in the ordinance may be a fine and imprisonment.

The petition for a review is therefore dismissed.